[No. 4120.    Decided July 14, 1902.]

PENNSYLVANIA MINING AND IMPROVEMENT COMPANY, *Appellant*, v. EVERETT AND MONTE CRISTO RAILWAY COMPANY, *Respondent*.

PUBLIC LANDS — GRANT OF RIGHT-OF-WAY — DEFINITE LOCATION.

Under 18 St. at Large, 482, which grants a right-of-way through the public land of the United States to any railroad company which shall file with the secretary of the interior a copy of its articles of incorporation and proof of organization thereunder, upon the condition that such railway company shall, within twelve months after the location of any section of twenty miles of its road, file with the register of the local land office a profile of its road, and upon approval thereof by the secretary of the

interior the same shall be noted upon the plats of said office and thereafter all such lands shall be disposed of subject to such right-of-way, a railway company which constructed its line upon unsurveyed public land thereby definitely located its right-of-way and has title thereto, as against a subsequent locator of a mining claim, although the officers of the land department declined to accept the profile until the survey of such lands.

Appeal from Superior Court, Snohomish County.— Hon. JOHN C. DENNEY, Judge. Affirmed.

*W. M. Bickford* and *Whitney & Headlee,* for appellant.

*Francis H. Brownell,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Plaintiff, a mining corporation, alleged it was the owner in fee of certain mining claims in Snohomish county, containing valuable mineral deposits; that the defendant, a railroad corporation, had, without any right, license, or color of title, located a line of railroad across certain of the claims; and that, unless restrained, defendant would construct its road in such a manner as to destroy the value of the claims. Plaintiff prays for a perpetual injunction against the use of the right of way so located by defendant. The answer denies that defendant has sufficient knowledge to form a belief as to the allegations of ownership in the complaint, but alleges, if plaintiff has any interest or estate in said mining claims, such interest is subject and inferior to the rights of defendant. For affirmative defense the answer alleges that defendant in the year 1892 began the construction of its line of railroad, and describes the course of the line; that a large part of its right of way ran through public lands of the United States, and that, desiring to obtain the benefit of the grant by Congress of March 3, 1875 (18 St. at Large, 482), it filed with the

secretary of the interior a copy of its articles of incorporation, together with proofs of the organization of the railroad company thereunder, and also a plat of its right of way, so far as the same was located, through the surveyed public lands, which was accepted, and also filed in the United States land office at Seattle a profile of its location through the unsurveyed public lands, but that, under direction of the commissioner of the general land office, this profile was not accepted, upon the ground that it could not be accepted until the lands were surveyed, and that all said placer claims are situate upon unsurveyed public lands; that in the year 1892, and prior to any location of the placer claims, the defendant, pursuant to the rights claimed under said act of congress, went upon the said claims, and cleared its right of way and constructed its line of railroad thereon, and has ever since been in the operation of said railroad upon said right of way, and that whatever rights plaintiff may claim are subject and inferior to defendant's right of way; and that for more than seven years last past defendant has been in open, undisputed, and adverse possession of its said right of way, and operating its railroad thereon, by reason whereof defendant is now the owner thereof. Plaintiff demurred generally to the affirmative defenses of the answer, which demurrer was overruled, and exception taken thereto. No statement of facts or bill of exceptions appears in the record.

A trial was had, and findings of fact and conclusions of law made by the court, which appear in the record. The decree established the right of way in defendant. The only error available to plaintiff here is the assignment upon the overruling of the demurrer to the affirmative defenses. The question for consideration is the right of the defendant to the right of way under the act of

congress set up in the answer. The pertinent portions of the statute are as follows:

"Sec. 1.   That the right of way through the public lands of the United States is hereby granted to any railroad company . . . which shall have filed with the secretary of the interior a copy of its articles of incorporation, and due proofs of its organization under the same to the extent of one hundred feet on each side of the central line of said road. . . ."

"Sec. 4.   That any railroad company desiring to secure the benefits of this act shall, within twelve months after the location of any section of twenty miles of its road, . . . file with the register of the land office for the district where such land is located a profile of its road; and upon approval thereof by the secretary of the interior the same shall be noted upon the plats in said office; and thereafter all such lands over which such right of way shall pass shall be disposed of subject to such right of way. . . ."

It will be observed the answer alleges that the profile showing the right of way through the surveyed public lands through which the road runs was filed and accepted, and that a similar profile through the unsurveyed lands was tendered, but the commissioner ruled that such profile could not be accepted until the lands were surveyed; and the answer also states that all the mining claims were and are now situated upon unsurveyed lands. We think the affirmative defenses were sufficient against the demurrer. The federal statute seems to grant a present right of way through the public lands to railway companies which have complied with its provisions. There is no exception of mineral lands specified in the statute. The distinction between lands granted in aid of the construction of railways, and which grants are floating until by definite location of the line they become seated, and the grant of a right of way is obvious. The construction of the grant of right of way,

and definition of what is a valid location thereon, seem to be clearly determined by the supreme court of the United States in the late case of *Jamestown & N. R. R. Co. v. Jones,* 177 U. S. 125 (20 Sup. Ct. 568). The court observed:

"But what constitutes a definite location of the right of way? Upon the answer to that question the present controversy hinges. The state courts decided, as we have seen, that the right of way only became definitely located by the filing of a profile map of the road. The contention of the plaintiff in error is that the right of way may be definitely located by the actual construction of the road. And this was the ruling of the Interior Department in *Dakota C. R. Co. v. Downey,* 8 Land Dec. 115, and the ruling has been subsequently adhered to. . . . The ruling gives a practical operation to the statute, and we think is correct. It enables the railway company to secure the grant by an actual construction of its road, or in advance of construction by filing a map as provided in section four. Actual construction of the road is certainly unmistakable evidence and notice of appropriation."

This authority is controlling. The findings of fact here cannot, in the absence of the evidence, be questioned. The facts found fully sustain the decree, and the judgment must be affirmed.

ANDERS, MOUNT, FULLERTON, HADLEY and DUNBAR, JJ., concur.